IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DANIEL LYNN and DEBORAH**
**LYNN,**

                   **Plaintiffs,**

     **v.**                                          **1:15-cv-82-WSD**

**CITIMORTGAGE, INC.,**

                   **Defendant.**

## OPINION AND ORDER

This matter is before the Court on CitiMortgage, Inc.'s ("CitiMortgage" or "Defendant") Motion to Dismiss [10] Daniel and Deborah Lynn's (together, "Plaintiffs") Amended Complaint [7].

## I.      BACKGROUND

This action arises from a foreclosure sale of Plaintiffs' home conducted by Defendant, following Plaintiffs' default on their mortgage obligations.

On July 31, 2007, Plaintiffs obtained a loan in the amount of $256,642 from American Equity Mortgage, Inc. ("AEM") and executed a promissory note ("Note") in favor of AEM. (Am. Compl. ¶ 4 & Ex. A). The interest rate on Plaintiffs' loan was 6.875%, and their monthly payment for principal and interest was $1,685.96. (Note at 1).

Repayment of the loan was also secured by a deed ("Security Deed") to real property located at 154 Blue Cedar Walk, Sugar Hill, Georgia (the "Property"). (Am. Compl. ¶ 4 & Ex. B).  Plaintiffs executed the Security Deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for AEM, and AEM's successors and assigns.  (Id.).  Under the terms of the Security Deed, Plaintiffs "grant[ed] and convey[ed] to MERS, (solely as nominee for [AEM] and [AEM's] successors and assigns), and the successors and assigns of MERS, with power of sale, the [Property]."  (Security Deed at 2).  The Security Deed also provides, in pertinent part:

> **9.  Grounds for Acceleration of Debt.**
> **(a).  Default.**  Lender may, except as limited by regulations issued by the Secretary [of Housing and Urban Development ("HUD")], in the case of payment defaults, require immediate payment in full of all sums secured by this Security [Deed] if:
> > (i)  Borrower defaults by failing to pay in full any monthly payment required by this Security [Deed] prior to or on the due date of the next monthly payment . . . .
>
> . . .
>
> **(d).  Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security [Deed] does not authorize acceleration or foreclosure if not permitted by regulations of the Security.
>
> . . .

 (Security Deed at 4-5).  The Security Deed also has a reinstatement provision:

**10.  Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security [Deed].  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security [Deed], Borrower shall tender in a lump sum all amounts required to bring Borrower's account current . . . .  However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding . . . .

(Id. at 5).

In October 2010, "Plaintiffs began having trouble making their regular monthly mortgage payments and sought hardship assistance from Citi[Mortgage]." (Am. Compl. ¶ 6).

On October 11, 2011, MERS, as nominee for AEM, assigned the Security Deed to CitiMortgage (the "Assignment").  (Id. ¶ 5 & Ex. C).

On November 23, 2011, Plaintiffs, MERS and CitiMortgage executed a Loan Modification Agreement ("LMA"), which "amends and supplements" the Security Deed and Note.  (Id. ¶ 7 & Ex. D).  CitiMortgage identified itself as "Lender."  (Id. ¶ 7).  The LMA identifies MERS as "Grantee," and states that MERS is acting "by assignment as Mortgagee of record (solely as nominee for Lender and Lender's successors and assigns)."  (LMA at 1-2).  The LMA states that the amount of past due interest, fees and expenses under Plaintiffs' loan has been added to the unpaid principal amount, that the new unpaid principal balance

3

of the loan is $269,510.40,[1] that the loan has been re-amortized over 360 months at

a fixed rate of 4%, and that Plaintiffs' new monthly payment amount of principal

and interest is $1,286.68.  (Id. at 2).  The LMA also states:

> 5.  Nothing in this Agreement shall be understood or construed to be a
> satisfaction or release in whole or in part of the Note and Security
> [Deed].  Except as otherwise specifically provided in this Agreement,
> the Note and Security [Deed] will remain unchanged, and the
> Borrower and Lender will be bound by and comply with, all of the
> terms and provisions thereof, as amended by this Agreement.
>
> 6.  It is mutually agreed that the Security [Deed] shall constitute a first
> lien upon the premise and that neither the obligation evidencing the
> aforesaid indebtedness nor the Security [Deed] shall in any way be
> prejudiced by this Agreement, but said obligation and Security [Deed]
> and all the covenants and agreements thereof and the rights of the
> parties thereunder shall remain in full force and effect except herein
> expressly modified.

(Id. at 3).  The LMA is signed by Plaintiffs and representatives of MERS and

CitiMortgage, and contains the corporate seals of MERS and CitiMortgage.  (Id.).

In 2012, "after successfully fulfilling their obligations under the modified

loan for over 6-months [sic]," Plaintiffs "encountered a sudden change in

circumstances and fell behind on their mortgage payments."  (Am. Compl. ¶ 8).

On September 21, 2012, CitiMortgage sent Plaintiffs a letter, which states:

"This letter will serve as notice that your mortgage is still in default.  All

---

[1]     As of the date of the LMA, the unpaid principal balance of Plaintiff's loan
was $252,179.23, and the amount of unpaid interest, fees and expenses was
$17,331.17.  (LMA at 2).

reasonable efforts afforded you to cure this default have failed.  Your loan has been

referred to [Shuping, Morse & Ross, LLP ("Shuping")] to begin foreclosure

proceedings."  (Am. Compl. ¶ 9 & Ex. E).

On October 3, 2012, Shuping, on behalf of CitiMortgage, sent Plaintiffs a

Notice of Sale Under Power, which states that Plaintiffs defaulted on their loan

obligations, that the "entire principal balance due on the [ ] Note (the principal

balance being $267,555.84) together with all accrued interest . . . has been and is

hereby accelerated and declared due and payable in full," and that a foreclosure

sale of the Property is scheduled for the first Tuesday in November, 2012.  (Id.

¶ 10 & Ex. F).

On October 9, 2012, CitiMortgage sent Plaintiffs a letter indicating that it

had "completed the review of the documents that [Plaintiffs] provided with regard

to [their] application for a modification," that Plaintiffs' application was

incomplete, and that additional documents were required to be submitted by

November 8, 2012.  (Id. ¶ 11 & Ex. G).  On October 17, 2012, CitiMortgage sent

Plaintiffs an email regarding the additional documents needed.  (Id. ¶ 13 & Ex. H).

On October 23, 2012, CitiMortgage sent Plaintiffs a letter stating that

Plaintiffs' "file has been forwarded to a Homeowner Support Specialist for

review," that the "expected timeframe needed to complete the review process is 30

days from the date of this letter," and that CitiMortgage may contact Plaintiffs "to obtain any additional information needed to complete [its] review."  (Id. ¶ 13 & Ex. I).  The October 23, 2012, letter also states:  "Please be aware that collection and/or foreclosure activity may continue until a foreclosure prevention treatment has been approved or completed, depending on the type of solution offered."  (Id.).

On November 6, 2012, CitiMortgage emailed Plaintiffs and requested a statement, on letterhead, from Plaintiffs' Homeowners Association ("HOA"). (Am. Compl. ¶ 14 & Ex. J).  Although they submitted the statement, CitiMortgage informed them that it lacked the HOA letterhead and was unacceptable.  (Id. ¶ 14). Plaintiffs obtained another statement, on HOA letterhead, "but Citi[Mortgage] choose [sic] to foreclose on Plaintiffs' property."  (Id.).

On November 6, 2012, CitiMortgage conducted a foreclosure sale of the Property.  (Id. ¶ 16 & Ex. L).  CitiMortgage was the highest bidder and purchased the Property for $278,131.42.  On November 14, 2012, CitiMortgage, as attorney in fact for Plaintiffs under the power of sale in the Security Deed, executed a Deed Under Power and conveyed the Property to CitiMortgage.  (Id.).

On November 21, 2012, Shuping, on behalf of CitiMortgage, sent Plaintiffs a letter demanding possession of the Property following the November 6, 2012, foreclosure sale.  (Id. ¶ 17 & Ex. M).  The November 21, 2012, letter also states:

> Please be advised that CitiMortgage [] does hereby demand
> possession of the [P]roperty . . . .  Within the next 90 day [sic] you
> must vacate the [P]roperty and remove all your personal belongings
> from the same. . . .  Unless you vacate the [P]roperty as provided
> above, dispossessory proceedings will be filed against you seeking
> your eviction from the premises.

(Nov. 21, 2012 Letter at 1-2).

On June 24, 2013, CitiMortgage initiated a dispossessory action against Plaintiffs in the Magistrate Court of Gwinnett County, Georgia.  CitiMortgage dismissed the dispossessory action on July 22, 2013.  (Am. Compl. ¶ 18 & Ex. N).

On January 16, 2014, CitiMortgage sent Plaintiffs a letter stating that the "CitiMortgage Workout department has been attempting to contact [Plaintiffs] regarding [their] plans for the [P]roperty," that they "specialize[] in helping borrowers avoid foreclosure," and "[i]f [Plaintiffs] would like to be considered for an alternative to foreclosure, please contact [their] office within seven (7) days." (Id. ¶ 20 & Ex. P).  The January 16, 2014, Letter also states: "This is an attempt to collect a debt and any information obtained will be used for that purpose."  (Id.).

Plaintiffs "have tried to reach out to Citi[Mortgage] in response to its offers for modification after foreclosure, only to receive conflicting responses."  (Am. Compl. ¶ 21).  At some point, CitiMortgage sent Plaintiffs an email which states: "The Executive Response Department with CitiMortgage recently reviewed your inquiry to rescind the foreclosure.  Unfortunately we are unable to rescind the

foreclosure.  If you have questions on the foreclosure process you can contact the foreclosure attorney Shuping [].”  (Id. Ex. Q).

On December 8, 2014, Plaintiffs, represented by counsel, filed their Complaint [1.1] in the Superior Court of Fulton County, Georgia, asserting claims for breach of contract, wrongful foreclosure, violation of the Fair Debt Collection Practices Act (“FDCPA”), 15 U.S.C. § 1692 et seq., and “bad faith.”  Plaintiffs sought to recover compensatory, statutory and punitive damages, and attorneys’ fees.  Plaintiffs also sought to rescind the foreclosure sale and enjoin dispossession.

On January 9, 2015, Defendant removed the Fulton County Action to this Court based on diversity of citizenship and federal question jurisdiction.

On March 2, 2015, Plaintiffs filed their Amended Complaint.[2]  Plaintiffs assert claims for breach of contract (Count I), wrongful foreclosure (Count II), negligent misrepresentation (Count II) and “bad faith” (Count IV).  Plaintiffs claim that Defendant acted in bad faith when it failed to comply with certain HUD regulations incorporated by reference into the Security Deed and which are prerequisites to foreclosure.  Specifically, Plaintiffs claim that Defendant failed to

---

[2]     On January 30, 2015, Defendant moved to dismiss Plaintiffs’ original Complaint for failure to state a claim for relief [4].  Because the Court granted Plaintiffs until March 2, 2015, to respond to Defendant’s motion, Plaintiffs were permitted to file their Amended Complaint as a matter of right, and the Court thus denied Defendant’s motion to dismiss Plaintiffs’ original Complaint as moot.

comply with 24 C.F.R. §§ 203.604(b), 203.606(a), because Defendant "never sent Plaintiffs a pre-acceleration notice prior to accelerating the loan or had a face to face meeting before referring their loan for foreclosure." (Am. Compl. ¶ 9; see also id. ¶¶ 23-24). Plaintiffs also claim that CitiMortgage lacked authority to foreclose because, at the time of foreclosure, CitiMortgage did not hold the Security Deed. (Id. ¶¶ 7, 10, 16, 27). Finally, Plaintiffs assert that, after the foreclosure sale, CitiMortgage misrepresented that Plaintiffs could still modify their loan to prevent foreclosure, and falsely stated that Plaintiffs still owed a debt to CitiMortgage. (Id. ¶¶ 20, 31-33).

On April 10, 2015, Defendant moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim for relief.

## II.   DISCUSSION

### A.   Legal Standard

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See

Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient

factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of further factual enhancement.'" <u>Tropic Ocean Airways, Inc. v. Floyd</u>, 598 F. App'x 608, 609 (11th Cir. 2014) (quoting <u>Iqbal</u>, 556 U.S. at 678).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1263 (11th Cir. 2004); <u>see also</u> <u>White v. Bank of America, NA</u>, 597 F. App'x 1015, 1017 (11th Cir. 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002)).

    B.   <u>Analysis</u>

       1.   <u>Breach of Contract (Count I)</u>

To assert a claim for breach of contract under Georgia law, a plaintiff must show (1) a valid contract; (2) material breach of its terms; and (3) damages arising from that breach. <u>See</u> <u>Budget Rent-A-Car of Atlanta, Inc. v. Webb</u>, 469 S.E.2d 712, 713 (Ga. Ct .App. 1996); <u>Bates v. JPMorgan Chase Bank, NA</u>, 768 F.3d 1126, 1130 (11th Cir. 2014).

Plaintiffs assert that Defendant breached the Security Deed by failing to send Plaintiffs pre-acceleration notice and failing to conduct a face-to-face meeting with them before initiating foreclosure proceedings.  Plaintiffs claim that advertisement of the Property for foreclosure "caused them embarrassment and grief," and the wrongful foreclosure and dispossessory proceeding "caused them stress and attorney fees to defend such erroneous actions."  (Am. Compl. ¶ 25).  Damages for mental anguish and emotional pain and suffering cannot be recovered in a breach of contract claim.  See Davis v. Aetna Cas. & Sur. Co., 314 S.E.2d 913, 917-918 (Ga. Ct .App. 1984), rev'd in part on other grounds, 320 S.E.2d 368 (Ga. 1984); Cummings v. Prudential Ins. Co. of Am., 542 F. Supp. 838, 841 (S.D. Ga. 1982) (under Georgia law, damages for mental suffering arising out of breach of contract, absent breach of a duty independent of contract, are not recoverable).

It is undisputed that Plaintiffs had already defaulted on their loan obligations when the alleged breach occurred, and Plaintiffs do not allege any facts to show that a face-to-face meeting or pre-acceleration notice would have prevented foreclosure.[3]  Plaintiffs first defaulted on their loan payments in October 2010, and

---

[3]     To the extent Plaintiffs claim that CitiMortgage breached the LMA by failing to give them notice of acceleration before foreclosure, the LMA provides:
*If all or any part of the property or an interest in it is sold or transferred . . . without the Lender's prior written consent,* the Lender

were granted a loan modification, with a lower monthly payment, on

November 23, 2011.  Six months later, Plaintiffs defaulted on their payments under

the loan, as modified.  Although Plaintiffs again applied for a loan modification,

CitiMortgage told Plaintiffs that "collection and/or foreclosure activity may

continue until a foreclosure prevention treatment has been approved or completed,

depending on the type of solution offered."  (October 23rd Letter at 2).  To the

extent Plaintiffs argue that Defendant's failure to provide pre-acceleration notice

prevented them from curing the default and reinstating their loan, the Security

Deed provides that "Lender is not required to permit reinstatement if: (i) Lender

has accepted reinstatement after the commencement of foreclosure proceedings

within two years immediately preceding the commencement of a current

foreclosure proceeding . . . ."  (Security Deed at 5).[4]

---

> may, at its option, require immediate payment in full of all sums
> secured by the Security [Deed].
>
>      If the Lender exercises this option, the Lender shall give the
> Borrower notice of acceleration.  The notice shall provide a period of
> not less than 30 days from the date the notice is delivered or mailed
> within which the Borrower must pay all sums secured by the Security
> [Deed].

(LMA at 2-3) (emphasis added).  Plaintiffs do not argue, and it does not appear,
that "all or any part of the [P]roperty or an interest in it [was] sold or transferred
. . . without CitiMortgage's prior written consent," and this section of the LMA
does not apply.  (See id.).

[4]    24 C.F.R. § 203.608 also provides: "The mortgagee shall permit
reinstatement of a mortgage, even after the institution of foreclosure proceedings,

That Defendant advertised the Property for foreclosure sale and initiated dispossessory proceedings were the result of Plaintiffs' failure to make their loan payments, not the result of Defendant's alleged breach.  See, e.g., Bates, 768 F.3d at 1132-33 (Mortgagor "must show that the premature or improper exercise of some power under the deed . . . resulted in damages that would not have occurred but for the breach."); Rourk v. Bank of Am., N.A., 587 F. App'x 597 (11th Cir. 2014) (Mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her 'alleged injury was solely attributable to her own acts or omissions.'" (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 845 (Ga. Ct. App. 2004))).  Plaintiffs fail to show that they suffered damages caused by CitiMortgage's alleged breach of contract, and this claim is required to be dismissed.

### 2.   Wrongful Foreclosure

To state a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and

---

if the mortgagor tenders in a lump sum all amounts required to bring the account current, . . . unless: (a) the mortgagee has accepted reinstatement after the institution of foreclosure proceedings within two years immediately preceding the commencement of the current foreclosure action . . . ."

damages." All Fleet Refinishing, Inc. v. W. Ga. Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006).

Here, Plaintiffs argue that CitiMortgage lacked authority to foreclose on the Property. It is undisputed that Plaintiff executed the Security Deed and granted to MERS, as nominee for AEM and AEM's successors and assigns, and the successors and assigns of MERS, title to the Property, with the power of sale. (Security Deed at 1-2). On October 11, 2011, MERS assigned the Security Deed to CitiMortgage. (Assignment at 1).

On November 23, 2011, Plaintiffs, MERS, and CitiMortgage entered into the LMA. The LMA "amends and supplements" the terms of the Note and Security Deed. It does not affect the Assignment, pursuant to which CitiMortgage became the holder of the Security Deed.[5] That the cover page of the LMA identifies Plaintiffs as the "Grantor" and MERS as the "Grantee," does not, without more, support that MERS somehow again became the holder of Plaintiffs' Security Deed as a result of the LMA.[6] See, e.g., Bank of Cave Spring v. Gold Kist, Inc.,

---

[5] When the parties entered into the LMA, it is not clear what, if any, interest MERS had in the Note or Security Deed. What is clear, however, is that Plaintiffs executed the Security Deed in favor of MERS; MERS assigned the Security Deed to CitiMortgage; and then Plaintiffs, CitiMortgage and MERS "amend[ed] and supplement[ed]" the Note and Security Deed by executing the LMA.

[6] If, as Plaintiffs appear to argue, the parties intended for MERS to hold the Security Deed, the grantee would have to be CitiMortgage—not Plaintiffs—

327 S.E.2d 800, 802-803 (Ga. Ct. App. 1985) ("To effect a legal assignment, there must be evidence of intent to assign or transfer the whole or part of a specific thing . . . and the subject matter should be sufficiently described to make it capable of being identified.").  Simply put, nothing in the LMA states that CitiMortgage is transferring the Security Deed back to MERS.[7]  Thus, on November 6, 2011, CitiMortgage, as the holder of the Security Deed, was entitled to exercise the power of sale and foreclose on the Property.  Plaintiffs have not, and cannot, state a viable claim for relief based on CitiMortgage's alleged lack of authority to foreclose on the Property.  Plaintiffs' claim for wrongful foreclosure is required to be dismissed.[8]

Last, Plaintiffs admit that they failed to make the required payments under their loan, as modified.  Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure.  See, e.g., Rourk, 587

---

because, when they executed the LMA, CitiMortgage was the holder of the Security Deed.  See O.C.G.A. § 44-14-64(a) ("All transfers of deeds to secure debt shall be in writing; *shall be signed by the grantee or, if the deed has been previously transferred, by the last transferee*; and shall be witnessed as required for deeds.") (emphasis added).

[7]    That MERS executed a second assignment of the Security Deed to CitiMortgage on July 11, 2013, is not material to whether CitiMortgage was the holder of the Security Deed on November 6, 2011, when CitiMortgage foreclosed on the Property.

[8]    Having dismissed their breach of contract claim, Plaintiffs' wrongful foreclosure claim, insofar as it is based on CitiMortgage's alleged breach of the Security Deed, is required to be dismissed.  See infra Section II.B.1.

F. App'x 597 (Mortgagor's failure to make loan payments "is fatal to her claim for breach of contract and wrongful foreclosure, as her alleged injury was solely attributable to her own acts or omissions."); Heritage Creek, 601 S.E. 2d at 845 (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Harvey v. Deutsche Bank Nat'l Tr. Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure.").  Plaintiffs' claim for wrongful foreclosure is required to be dismissed for this additional reason.

        3.    Negligent Misrepresentation

To state a claim for negligent misrepresentation under Georgia law, a plaintiff must show: (1) the defendant negligently supplied false information to the plaintiff; (2) the plaintiff reasonably relied on that false information; and (3) the plaintiff suffered economic injury resulting from such reliance.  Next Century Comms. Corp. v. Ellis, 318 F.3d 1023, 1030 (11th Cir. 2003) (citing Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc., 479 S.E.2d 727, 729 (Ga. 1997)).

Here, Plaintiffs allege that "[Shuping] sent Plaintiffs demands of possession of Property [sic] on behalf of Citi[Mortgage] and filed fraudulent dispossessory actions against Plaintiffs, having Plaintiffs to believe [sic] that Citi[Mortgage] had authority to make such demands and bring such dispossessory proceedings." (Am. Compl. ¶ 31). Plaintiffs claim that "[b]oth the Gwinnett County Court and Plaintiffs relied on fraudulent summons and actions [sic], which subsequently led to Plaintiffs spending money and time to defend against such fraudulent dispossessory action." (Id. ¶ 32).

The Court has already found that, on November 6, 2012, CitiMortgage was the holder of the Security Deed and was entitled to foreclose on the Property. See infra Section II.B.2. CitiMortgage was the highest bidder at the foreclosure sale, and on November 14, 2012, CitiMortgage, as attorney in fact for Plaintiffs under the power of sale in the Security Deed, executed a Deed Under Power and conveyed the Property to CitiMortgage. (Am. Compl. ¶ 16 & Ex. L). After the foreclosure sale, CitiMortgage was entitled to possession of the Property, and Plaintiffs became tenants at sufferance and thus subject to a dispossessory action. See, e.g., Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009) ("[w]here former owners of real property remain in possession after a foreclosure sale, they become tenants at sufferance," and are thus subject to a

dispossessory proceeding); Powell v. Bank S., N.A., 415 S.E.2d 543, 544 (Ga. Ct. App. 1992) (stating that bank, "as the purchase at the sale under power, was vested with sufficient title to institute dispossessory proceedings," and borrower "was a tenant at sufferance and, as such, was subject to being summarily dispossessed"). Plaintiffs cannot state a claim for negligent misrepresentation based on the demand letters or the dispossessory action.[9]

Plaintiffs next allege that CitiMortgage "supplied false information to Plaintiffs on January 16, 2014, asserting that Plaintiffs still could possibly modify their loan to prevent foreclosure," and that they "relied on Citi[Mortgage]'s post-foreclosure statements in attempts to try to modify a loan that was already foreclosed with no further duty to payment [sic]." (Am. Compl. ¶¶ 32-33). Plaintiffs fail to show that their reliance was reasonable. On November 21, 2012, Shuping, on behalf of CitiMortgage, sent Plaintiffs a letter demanding possession of the Property following the November 6, 2012, foreclosure sale, and on

---

[9]    Plaintiffs also fail to allege any facts to show that they relied on CitiMortgage's alleged misstatements that it was entitled to possession of the Property, and this claim is required to be dismissed for this additional reason. See Next Century, 318 F.3d at 1030; cf. Walker v. Hurd, 394 S.E.2d 925, 927 (Ga. Ct. App. 1990) ("There was no evidence that appellant relied on the representations concerning ownership of his property. Rather than relying on the representations, [appellant] disputed them as soon as he had knowledge thereof and maintained his position consistently thereafter. He never acted on them except in furtherance of his denial of their validity.").

June 24, 2013, CitiMortgage initiated a dispossessory action against Plaintiffs. (Am. Compl. ¶¶ 16-18 & Exs. M-N).  At the latest, after CitiMortgage initiated the dispossessory action, Plaintiffs could not have reasonably relied on any statement that they could "prevent foreclosure" because they knew by that time that foreclosure had already occurred.  See Simmons v. Brady, 555 S.E.2d 94 (Ga. Ct. App. 2001) (where plaintiff was "on notice" of a fact that directly contradicted the alleged misrepresentation, trial court properly found the plaintiff "was not reasonable in relying on the [d]efendant's statements"); accord Banco Nacional de la Vivienda v. Cooper, 680 F.2d 727, 730 (11th Cir. 1982) ("A recipient [of information] may rely on the trust of a representation . . . unless he knows the representation to be false or its falsity is obvious to him.").[10]  Plaintiffs fail to state a claim for negligent misrepresentation, and this claim is required to be dismissed.

---

[10] The Court notes that Plaintiffs fail to allege facts to support that, after foreclosure, they no longer owed a debt to CitiMortgage.  Plaintiffs do not assert that the proceeds from the foreclosure sale were sufficient to satisfy the total amount due on their loan, or that CitiMortgage agreed not to pursue a deficiency judgment.  See Frank S. Alexander, Ga. Real Estate Fin. & Foreclosure Law, § 2:4 (2015) ("It is possible for a creditor in Georgia (i) to sue on a note only and ignore or abandon the security; (ii) to foreclose upon the security and forego seeking additional or excess liability on the note; (iii) to sue on a note and after judgment is rendered utilize foreclosure; or (iv) to foreclose and, following confirmation, seek a deficiency action against the debtor for any remaining liability.").

    4.    <u>"Bad Faith" (Count IV)</u>

In their Response, Plaintiffs assert that "their Count IV- Bad Faith" claim is not a separate cause of action, but rather an extrapolation as to why Plaintiffs are entitled to attorney-fees [sic] as a result of Defendant's actions."  (Pls' Resp. [13] at 13).  Plaintiffs failed to state any claims upon which relief may be granted and as a result they are not entitled to attorneys' fees and costs.  <u>See</u> <u>Gilmour v. Gates, McDonald & Co.</u>, 382 F.3d 1312, 1316 (11th Cir. 2004); <u>Gardner v. Kinney</u>, 498 S.E.2d 312, 313 (Ga. Ct. App. 1998) ("Because litigation expenses (costs and attorney fees) are wholly ancillary, they are not recoverable when no damages are awarded.").  Plaintiffs' claim for bad faith, in Count IV, is required to be dismissed.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that CitiMortgage, Inc.'s Motion to Dismiss [10] is **GRANTED**.


**SO ORDERED** this 1st day of March, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE